UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT REED,

                Petitioner,

v.                                                  9:19-CV-1246
                                                     (MAD/ATB)

YELICH, Superintendent,

                Respondent.

---

APPEARANCES:                                              OF COUNSEL:

ROBERT REED
Petitioner, pro se
93-B-1119
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as various state court records in support of said petition. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, State Court Records ("SCR").[1]

On October 10, 2019, the Court administratively closed the action because it had not been properly commenced: petitioner did not pay the statutory filing fee or file a properly certified in forma pauperis ("IFP") application. Dkt. No. 3. On October 18, 2019, the Court

---

[1] Citations to the various submissions, Court Orders, and Mandates refer to the pagination generated by CM/ECF, the Court's electronic filing system.

received a properly certified IFP Application, and the case was reopened. Dkt. No. 4, IFP Application; Dkt. No. 5, Text Order Reopening Case. On October 25, 2019, the Court received a supplemental submission in support of the pending petition. Dkt. No. 6.

## II. PREVIOUS HABEAS PETITIONS

Petitioner has previously filed at least two habeas petitions regarding his 1993 conviction for first degree rape. *See Reed v. Great Meadow Corr. Facility*, 981 F. Supp. 184 (W.D.N.Y. 1997) ("*Reed I*"); *Reed v. Alexander*, No. 9:05-CV-0236 (JKS), 2008 WL 3155310 (N.D.N.Y. Aug. 4, 2008) ("*Reed II*").

In *Reed I*, the court discussed the relevant facts surrounding petitioner's underlying state court conviction:

> A Niagara County Court tried petitioner on four counts of first–degree rape in March 1993 . . . The four counts of rape were contained in two separate indictments . . . . The Niagara County Court permitted [the Niagara County District Attorney] to join the indictments and try all four counts together . . . .
>
> A jury convicted petitioner on two of the four counts on March 25, 1993 . . . . On April 29, 1993, Niagara County Judge Hannigan sentenced petitioner to two consecutive sentences of 8 1/3 to 25 years . . . . Petitioner filed a motion to vacate the judgment, which was denied on October 29, 1993 . . . . Petitioner also appealed his conviction to the Supreme Court Appellate Division's Fourth Department. On February 3, 1995, the Fourth Department affirmed petitioner's conviction, but modified his sentences to run concurrently rather than consecutively. *People v. Reed*, 212 A.D.2d 962 . . . (4th Dep't 1995). The New York State Court of Appeals denied petitioner's motion for leave to appeal on June 28, 1995. *People v. Reed*, 86 N.Y.2d 739 . . . (1995).

*Reed I*, 981 F. Supp. at 186 (internal citations omitted).

Petitioner argued that he was entitled to relief because (1) the evidence supporting his conviction was insufficient; (2) the prosecution's witnesses were incredible; (3) there was

2

prosecutorial misconduct; and (4) the trial court erred in consolidating the indictments. *Reed I*, 981 F. Supp. at 186. The petition was dismissed. *Id.* at 189.

With respect to the legal sufficiency of the evidence, the court held that "the jury was able to base both convictions on the testimony of the victims." *Reed I*, 981 F. Supp. at 186. The first testified "that petitioner pushed her down onto a bed, stripped her clothes off, and forcibly had sex with her in spite of her verbal and physical protestations." *Id.* The second testified "that petitioner smothered her with a jacket, threatened her with violence, stripped her clothes off, and forcibly had sex with her." *Id.* at 186-87 (citations omitted). The second victim's testimony was further bolstered by "a rape crisis worker who, responding to a reported rape, had participated in a physical examination of [the second victim.]" *Id.* at 187. Accordingly, the court found no merit to petitioner's arguments and instead held that "[t]he jury . . . made reasonable inferences based on pertinent evidence, and then convicted petitioner of two counts of first-degree rape." *Id.*

Regarding the witnesses' credibility, the court found that "was an issue properly left to the jury's fact-finding discretion." *Reed I*, 981 F. Supp. at 187. Because "[f]ederal district courts are not in a position to redetermine [the] credibility of witnesses whose demeanor has been observed by the state trial court, but not by them," petitioner's claim failed. *Id.* (internal quotation marks and citations omitted).

Petitioner's allegations of prosecutorial misconduct were also deemed unpersuasive. *Reed I*, 981 F. Supp. at 187-88. The court found petitioner's reliance on a *Napue v. People of the State of Illinois*, 360 U.S. 264 (1959), unconvincing because petitioner's attorney was able to confront both victims "regarding the veracity of their testimony by pointing out the

3

inconsistencies between their testimony at trial and previously sworn statements . . . [; h]owever, these alleged inconsistencies concern[ed] immaterial factual details and d[id] not indicate that the victims testified in the context of a self-interested exchange." *Id.* at 187-88.

Finally, petitioner's claim that joinder of his indictments was unconstitutional was also dismissed. *Reed I*, 981 F. Supp. at 188-89. The court determined that the case law upon which petitioner relied was unsupported. *Id.* at 188. First, petitioner failed to establish the showing of actual prejudice which would preclude joinder of his claims. *Id.* at 188-89. Second, joinder of petitioner's claims did not "create an[y] impermissible risk of prejudicing the jury against the [petitioner.]" *Id.* at 189 (internal quotation marks and citations omitted).

Petitioner then filed another habeas petition in this Court. *Reed II*, 2008 WL 3155310, at *1. In that petition, petitioner was not specifically "challenging his state court convictions or the underlying judgment;" accordingly, petitioner did not include records related to said conviction. *Id.* However, this Court found them, citing the same procedural history outlined in *Reed I*. *Id.* This Court also discussed the subsequent litigation history of petitioner including (1) a 2002 habeas corpus petition filed in the Western District of New York challenging the loss of good time credit pursuant to a disciplinary hearing; (2) a 2003 administrative appeal of petitioner's parole denial; (3) a 2003 habeas corpus petition filed in Cayuga County Supreme Court; and (4) a 2004 Article 78 petition filed in Cayuga County Supreme Court. *Id.*, 2008 WL 3155310 at *1-*2.

Petitioner argued that he was entitled to "immediate release to parole contending he [wa]s being illegally confined on an invalid commitment in violation of his constitutional due process rights." *Reed II*, 2008 WL 3155310 at *2. Petitioner's claim was ultimately denied. *Id.*, 2008 WL 3155310 at *5. However, first the Court explained that petitioner's

4

> claim [wa]s based upon what he perceive[d] to be an error in the commitment order from the Niagara County Court to the New York Department of Correctional Services . . . That commitment order indicates that he was indicted for two counts of rape in the first degree on each of the indictments. It also indicates that he was convicted of rape in the first degree in each indictment, but does not specify on which count he was convicted. It further identifies the crimes committed as "92-116-Feb. 24 and June 7, 1992" and "92-373-Dec. 5, 1992." It further shows that he was sentenced to consecutive terms . . . According to [petitioner], he was never convicted of the June 7 and February 5 alleged crimes . . . however, [petitioner] admits in his Article 78 petition that he was found guilty of one of the December 6 "incidents" and the February "incident"; convictions he specifically declines to challenge. The Appellate Division in affirming dismissal of his habeas petition by the Cayuga County Supreme Court, in addressing the merits, stated [petitioner] "would not be entitled to immediate release because there is a valid judgment of conviction underlying the commitment, and thus habeas corpus relief is not appropriate." [12 A.D.3d 1102,] 1103 [(4th Dep't 2004)].[2]

*Id.*, 2008 WL 3155310 at *3. The Court concluded that (1) petitioner was convicted of two counts of first degree rape; (2) petitioner did not challenge those convictions; (3) petitioner's claim was "based upon his reading of the commitment order as committing him for crimes upon which he was acquitted;" (4) the error on the commitment order is, at best, a clerical or typographical error; (5) petitioner "is being detained on account of [an] underlying judgment, not the commitment order [and a]ny infirmities or irregularities in the commitment order . . . are the province of state law beyond the purview of this Court in a federal habeas proceeding." *Id.*, 2008 WL 3155310 at *4. Therefore, petitioner was "not entitled to immediate release because there [wa]s a valid judgment of conviction underlying the

---

[2] Several other recent court decisions have also determined that "a proper Sentence and Commitment was received and the petitioner is being held pursuant to the same." Dkt. No. 2 at 70 (holding from Franklin County Court denying Article 78 petition, dated December 8, 2017); *id.* at 68-69 (citing Appellate Division and County Court decisions from 2004 through 2017 holding that petitioner has been appropriately detained pursuant to a proper commitment order provided by the sentencing court); *see also* Dkt. No. 6 (memorandum of law from respondent in opposition of the motion for leave to appeal from the 2017 Franklin County Court decision).

commitment, thus, habeas corpus relief is not appropriate." *Id.*, 2008 WL 3155310 at *5.

### III. THE PRESENT PETITION

Petitioner's present petition identifies two different judgments of conviction which he is attempting to challenge, one from Niagara County and another from Chemung County. Pet. at 1. Petitioner argues that he has been "unlawfully confined" due to an error in a Niagara County commitment order. *Id.* at 5. Specifically, petitioner contends that he "was sentenced for two Niagara County incidents [he] was never found guilty of and [he] was never sentenced for [his actual] conviction[s]," (*Id.* at 7) and that the execution of his sentence was delayed as a result (*Id.* at 8). *See also* Dkt. No. 2 at 40 (arguing in petitioner's memorandum of law to the Third Department that he is entitled to immediate release because the Niagara County commitment orders are incorrect).

Petitioner also challenges a second conviction, for two counts of first degree promotion of prison contraband, which he acquired during his incarceration in Chemung County. Pet. at 10; *see also* Dkt. No. 6 at 4, n.1. Petitioner contends that had he not been unlawfully confined pursuant to the Niagara County commitment order, he never would have been found guilty of the offense of promoting prison contraband because he would not have been incarcerated. Pet. at 10; *see also* Dkt. No. 2 at 37 (arguing in petitioner's memorandum of law to the Third Department that he would never have been found guilty for prison infractions had he not been unlawfully confined for two crimes for which he was never found guilty).

The present petition unambiguously challenges two different convictions; however, this Court is the wrong place to bring either challenge. Accordingly, for the reasons stated below, the claims within the petition should be transferred. Specifically, the claims about

petitioner's unlawful confinement pursuant to the Niagara County Conviction Order should go to the Second Circuit for a determination whether a successive petition can be filed. Further, petitioner's claims regarding the criminal conviction of promoting prison contraband should go to the Western District of New York for evaluation as they arose out of that district.

IV. DISCUSSION

    A. **Unlawful Confinement Pursuant to Niagara County Commitment Order**

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003). Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3);

7

*see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

     Here, while petitioner does not specifically identify the date or nature of his underlying criminal conviction, it is clear by the content of the present petition that he again attacks the same commitment order which was produced by the Niagara County sentencing court after petitioner's 1993 rape convictions. Petitioner's rape convictions have been directly and indirectly challenged in both *Reed I* and *Reed II*. Moreover, petitioner recycles the identical argument – that the commitment order is invalid and he has been unlawfully incarcerated for two crimes for which he was never found guilty – which was previously dismissed by this Court in *Reed II*. *Compare Reed II*, 2008 WL 3155310 at *3-*4 *with* Pet. at 5, 7-8. These claims were dismissed on the merits. *Reed II*, 2008 WL 3155310 at *5. Moreover, there is no basis for concluding that petitioner could not have raised in his earlier petition the grounds for relief asserted in his present petition. In fact, petitioner did raise these exact same arguments in his prior habeas petition. *See id.*, 2008 WL 3155310 at *3.

     Because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *Torres*, 316 F.3d at 151-52. Accordingly, the Court will transfer the claims in the present petition related to petitioner's unlawful confinement pursuant to the Niagara County Commitment Order to the

Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) whether the petitioner should be permitted to file a second or successive habeas petition with regard to those claims. *Id.*[3]

### B. Challenge to Promoting Prison Contraband Conviction

Petitioner identifies Chemung County, located in the Western District of New York, as the location of his conviction for two counts of first degree promoting prison contraband and the resulting sentence imposed. 28 U.S.C. § 112(d); Pet. at 10. Petitioner contends that he is entitled to federal habeas relief because he never would have been convicted of this crime had he not been unlawfully confined pursuant to Niagara County's incorrect commitment order. Pet. at 10.

Because petitioner is challenging the validity of the conviction and sentence imposed in Chemung County Supreme Court, the Court concludes that the United States District Court for the Western District of New York ("Western District") is the appropriate forum for this action. 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 497-98 & n.13 (1973). Accordingly, the remainder of this action will be transferred to the Western District.

### V. CONCLUSION

---

[3] Petitioner appealed the denial of his habeas corpus petition. *See Reed II*, No. 9:05-CV-0236 (JKS), Dkt. No. 44. Petitioner also moved to vacate the order denying the habeas petition, and subsequently appealed this Court's denial of that motion. *Id.*, Dkt. No. 40, Motion to Vacate; Dkt. No. 41, Order Denying Motion to Vacate dated 08/21/08; *Id.*, Dkt. No. 49, Second Motion to Vacate; *Id.*, Dkt. No. 50, Order Denying Second Motion to Vacate dated 02/20/09. In a Mandate dated February 26, 2009, the Second Circuit denied petitioner's motion for a certificate of appealability and dismissed petitioner's appeal from the Order denying his habeas petition because petitioner failed to make a substantial showing of the denial of a constitutional right. *Id.*, Dkt. No. 51, Mandate. Moreover, the Mandate also denied and dismissed petitioner's appeal of this Court's denial of his motion to vacate. *Id.* While the Second Circuit denied petitioner's appeals and requests for certificates of appealability, it does not appear that the Second Circuit has ever decided whether petitioner could file a successive petition. Accordingly, the claims should be transferred to the Second Circuit for evaluation, instead of being dismissed.

**WHEREFORE**, it is

**ORDERED** that based on petitioner's certified IFP application, Dkt. No. 4, he is eligible to proceed with this action without prepayment of the statutory filing fee and his IFP application is **GRANTED**; and it is further

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition regarding his unlawful confinement claims resulting from Niagara County's Commitment Order; and it is further

**ORDERED** that the Clerk transfer this petition, specifically petitioner's challenge to his Chemung County conviction for promoting prison contraband, to the United States District Court for the Western District of New York; and it is further

**ORDERED** that the Clerk is directed to electronically transfer this action to the Clerk of the Western District of New York. The Court hereby waives the fourteen (14) day waiting period provided for in Local Rule 83.6; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 6, 2019
Albany, New York

*[Signature]*
Mae A. D'Agostino
U.S. District Judge