UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT REED,

        Petitioner,

v.

YELICH, Superintendent,

        Respondent.

**DECISION AND ORDER**

1:19-CV-01512 EAW

---

## **INTRODUCTION**

*Pro se* petitioner Robert Reed ("Petitioner"), a prisoner confined at the Bare Hill Correctional Facility, seeks relief pursuant to 28 U.S.C. § 2254. The Petition was originally filed in the United States District Court for the Northern District of New York, alleging that Petitioner's 1993 conviction in County Court, Niagara County, State of New York, and 1995 conviction in County Court, Chemung County, State of New York were unconstitutionally obtained. (Dkt. 1).

On November 6, 2019, United States District Judge Mae A. D'Agostino severed and transferred Petitioner's challenge to his 1995 Chemung County conviction to this Court. (Dkt. 7); *Reed v. Yelich*, No. 9:19-CV-1246 (MAD/ATB), 2019 WL 5788578, at *3 (N.D.N.Y. Nov. 6, 2019). Plaintiff's challenge to his 1993 Niagara County conviction was transferred to the Second Circuit for a determination of whether he should be permitted to file a second or successive habeas petition with regard to that challenge pursuant to 28 U.S.C. § 2244(b). (Dkt. 7); *Reed*, 2019 WL 5788578, at *4.

In its January 9, 2020, Order, the Court found that the Petition appeared on its face to be untimely. (Dkt. 9). The Court directed Petitioner to complete a § 2254 Timeliness Response Form, detailing specific information as to his collateral attacks and other relevant information to aid in the Court's determination of the statute of limitations issue, including whether there are grounds to equitably toll the statute of limitations. (*Id.* at 4). Petitioner filed the completed form on January 21, 2020. (Dkt. 10). For the reasons discussed below, the Court finds that the Petition must be dismissed.

## DISCUSSION

**I.    Timeliness under 28 U.S.C. § 2244(d)(1)**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. *See* 28 U.S.C. § 2244(d)(1). The limitation period shall run from the latest of—

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

- 2 -

28 U.S.C. § 2244(d)(1).

Petitioner was convicted on August 4, 1995, in Chemung County Court. (*See* Dkt. 1 at 1). *See People v. Reed*, 244 A.D.2d 782, 783 (3d Dep't 1997). The Appellate Division, Third Department affirmed Petitioner's conviction on direct appeal in November 1997. *Id.* at 783-84. Leave to appeal this decision was denied by the New York Court of Appeals on January 27, 1998. *See People v. Reed*, 91 N.Y.2d 896 (1998). Petitioner then had ninety days in which to file a petition seeking a writ of *certiorari* in the United States Supreme Court. *See* Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Because Petitioner did not file a petition for a writ of certiorari, his conviction became final on April 27, 1998, ninety days after January 27, 1998, date of the order denying him leave to appeal to the New York Court of Appeals. Petitioner then had one year from that date, or until April 27, 1999, to file his habeas petition. *See id.* § 2244(d)(1)(A). Petitioner filed this Petition on October 9, 2019, more than 20 years after expiration of the one-year limitations period. Accordingly, the petition is untimely under § 2244(d)(1)(A).

**II.    Statutory Tolling under 28 U.S.C. § 2244(d)(2)**

ADEPA contains a tolling provision, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). "Section 2244(d)(2)'s tolling applies

only if a state post-conviction motion was 'pending' during the one-year limitations period. . . ." *King v. Lee*, No. 11-CV-0213(MAT), 2012 WL 1038562, at *3 (W.D.N.Y. Mar. 27, 2012).  In other words, a petition is subject to tolling only where the properly filed applications for State post-conviction or other collateral review are filed *before* conclusion of the one-year limitations period.  *See id.*; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (statutory tolling provision does not reset date from which the one-year limitations periods begins to run); *Youngblood v. Greiner*, No. 00 CIV. 7984, 2003 WL 145546, at *2, n. 3 (S.D.N.Y. Jan. 21, 2003) ("*Smith v. McGinnis* . . . made clear that the limitations period does not begin anew after collateral relief is pursued"); *Stokes v. Miller*, No. 00 CIV. 0806, 2000 WL 1121364, at *2 n. 3 (S.D.N.Y. July 21, 2000) ("It is well-settled that post-conviction or other collateral review does not start the one year statute of limitations to run anew.").

In his § 2254 Timeliness Response Form, Petitioner appears to argue that he is entitled to tolling because "there is a clear and convincing showing that [he] is factually innocent and that his convictions were unlawfully obtained by unlawful misconduct of the prison authorities who[] unlawfully imprisoned him."  (Dkt. 10 at 2).  As evidence in support of this argument, Petitioner attached the decision and submissions in connection with his motion to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10.  (*See id.*).  However, as discussed above, Petitioner's pursuit of collateral relief does not reset the one-year limitations period, which expired on April 27, 1999. Accordingly, Petitioner's pursuit of collateral relief, subsequent to the expiration of the one-year limitations period, does not entitle him to statutory tolling under § 2244(d)(2).

### III. <u>Equitable Tolling</u>

"The one-year AEDPA filing limitation is not jurisdictional and, under certain circumstances, may also be equitably tolled." *King*, 2012 WL 1038562, at *3 (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "[I]n rare and exceptional circumstances[,] a petitioner may invoke the courts' power to equitably toll the limitations period." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation marks and citation omitted). In order to be entitled to equitable tolling, the petitioner must establish that (1) "extraordinary circumstances" prevented him from filing a timely petition, and (b) he acted with "reasonable diligence" during the period for which he now seeks tolling. *Smith*, 208 F.3d at 17.

In its January 9, 2020, Order, the Court directed Petitioner to "provide any other information which may be relevant to the Court's determination of . . . whether there are grounds to equitably toll the statute of limitations." (Dkt. 9 at 4). Petitioner does not argue, nor can the Court discern from the Petition or the § 2254 Timeliness Response Form, that there were extraordinary circumstances preventing him from filing a timely petition, or that Petitioner had acted with reasonable diligence during the relevant time period. Although not raised by Petitioner, the Court notes that Petitioner's *pro se* status does not warrant equitable tolling. *See Smith*, 208 F.3d at 18 ("Smith's *pro se* status until March 1997 does not merit equitable tolling."); *King*, 2012 WL 1038562, at *5 ("Petitioner also cannot claim that his status as a layperson or his ignorance of the law is insufficient to warrant equitable tolling." (citations omitted)). Accordingly, Petitioner has failed to demonstrate he is entitled to equitable tolling.

## CONCLUSION

For the foregoing reasons, the Petition (Dkt. 1) is dismissed as untimely. The Clerk of Court is directed to enter judgment and close this case. Further, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 35 of the Federal Rule of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:     July 22, 2020
           Rochester, New York